UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

MARK DANIEL LEITNER,

      Defendant.
_____

DECISION & ORDER

08-MJ-4098

    On August 21, 2008, a grand jury in the Northern District of Florida returned a fifteen-count indictment charging defendant Mark Leitner and others with conspiring to commit tax fraud, wire fraud and money laundering, and with committing wire fraud, in violation of 18 U.S.C. §§ 371 and 1956(h) and 18 U.S.C. §§ 1343 and 2.  On that same date, an arrest warrant was issued for Leitner by the Clerk of the United States District Court for the Northern District of Florida.  On August 28, 2008, Leitner was arrested in the Western District of New York and brought before this Court pursuant to Rule 5(c)(3) of the Federal Rules of Criminal Procedure.

    During his initial appearance before the Court, Leitner was advised of his constitutional rights and of the charges pending against him in the Northern District of Florida.  Leitner was thereafter released upon various conditions.  (Docket # 1).  Several days later, on September 2, 2008, Leitner appeared before the Court for an identification hearing.  Prior to the hearing, Leitner declined the opportunity to apply for the appointment of counsel and indicated that he wished to represent himself.  The identification hearing was then adjourned to afford Leitner the opportunity to consult with an attorney to ensure that he fully understood the

consequences of his decision. (Docket # 6). The hearing resumed on September 5, 2008, and upon the Court's request, attorney Scott Green made himself available to Leitner for consultation and possible representation. Leitner once again advised the Court that he wished to represent himself. Accordingly, attorney Green was assigned by the Court as stand-by counsel, and the identification hearing was conducted. During the hearing, this Court found that Leitner was the same person named in the Florida indictment. (Docket # 10).

Currently before the Court are several *pro se* motions filed by Leitner challenging the sufficiency of the arrest warrant (Docket # 7), requesting that references to the arrest warrant be stricken from the record (Docket ## 8, 9) and requesting that the record be corrected to indicate that Leitner is not represented by court-appointed counsel (Docket # 15). Finally, Leitner has filed two separate motions seeking a ruling by the Court with respect to each of his pending motions. (Docket ## 13, 16).

The essence of Leitner's challenge is that the warrant upon which he was arrested was unconstitutionally deficient because it was not supported by an oath or affirmation. (Docket # 7). Even if this argument were to be heard in this Court (as opposed to in the court with jurisdiction over his prosecution – where such a suppression motion should be made), it lacks merit. The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effect, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.  Under this Amendment, an arrest warrant issued in connection with a criminal complaint must be accompanied by a supporting oath or affirmation demonstrating probable cause for the arrest.  No such requirement exists, however, when the arrest warrant is issued on an indictment returned by an independent grand jury.  "The finding of an indictment by a grand jury conclusively establishes probable cause, so an arrest warrant may be issued without an additional showing."  *Moore's Federal Practice*, 24 § 609.03; *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975) ("an indictment, fair upon its face, and returned by a properly constituted grand jury, conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry") (internal quotations omitted).  Accordingly, Leitner's challenge to the sufficiency of the arrest warrant is denied.  If Leitner believes additional grounds exist upon which to challenge the warrant or the charges pending against him, he must raise such challenges in the Northern District of Florida consistent with that court's procedures and schedule.

To the extent Leitner requests that the Court correct the record to reflect that he is not represented by attorney Scott Green, such motion is denied as moot.  A review of the Court's docket clearly reveals that Leitner has not requested the appointment of counsel and that he is representing himself *pro se*.

Finally, to the extent Leitner has moved for a ruling by this Court with regard to each of his pending motions, such motion is denied as moot.

**CONCLUSION**

For the foregoing reasons, it is the Decision and Order of this Court that Leitner's challenge to the sufficiency of the arrest warrant issued by the Northern District of Florida and his motions to strike references to the arrest warrant from the record of this case **(Docket ## 7, 8, 9)** are **DENIED**. It is the further Decision and Order of this Court that Leitner's motion to amend the record to reflect that he is not represented by counsel **(Docket # 15)** is **DENIED as MOOT**. Finally, Leitner's motions seeking rulings by this Court **(Docket ## 13, 16)** are **DENIED as MOOT**.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                               United States Magistrate Judge

Dated: Rochester, New York
       December   8  , 2008